The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342
Dear Representative King:
You have presented the following question for my opinion:
 Can an existing municipal office holder, who has an unexpired term, override Section 4 of Act 1171 of 2003 (A.C.A. § 14-40-1207)?
Response
Summary of Response
It is my opinion that the answer to this question will depend primarily upon two factors: (1) which of the two cities had previously elected the office holder; and (2) whether the petition for consolidation calls for a citywide election of all city officials.
My conclusions can be summarized as follows:
 • If the existing municipal office holder was elected by the smaller of the two cities, he or she cannot override Section 4 of Act 1171 of 2003 (A.C.A. § 14-40-1207) under any circumstances. That is, he or she is not entitled to serve the remainder of his or her term.
• If the existing municipal office holder was elected by the larger of the two cities, and if the petition for consolidation does not call for a citywide election for all city officials, he or she is entitled to serve the remainder of his or her term.
 • If the existing municipal office holder was elected by the larger of the two cities, and if the petition for consolidation calls for a citywide election for all city officials, he or she is not entitled to serve the remainder of his or her term.
These conclusions are discussed more fully below.
Discussion
Act 1171 of 2003 amended various statutes governing the procedures for the consolidation of cities.[1] These statutes permit the consolidation of contiguous cities, upon petition and an election approving such consolidation. These statutes address the issue of the terms of the office holders in each of the two cities. The pertinent provisions indicate that the answer to your question will depend upon which of the two cities had elected the office holder in question, and upon whether the petition for consolidation calls for a citywide election of all city officials. You have not indicated which of the two cities elected the office holder in question or the particular office to which the office holder was elected, nor have you indicated whether the petition for consolidation called for a citywide election of any city officials. I will therefore address all possibilities.
Because you have specifically inquired about the effect of Section 4 of Act 1171, I will begin by setting forth that section in full. Section 4 amended A.C.A. § 14-40-1207 to state:
14-40-1207. Special election of aldermen or all city officials.
 (a)(1) Except as provided under subdivision (a)(2) of this section, the city or town council shall call a special election of aldermen, to be held at such times and places as it may direct in the wards of the smaller municipality and for the election of aldermen from any other new wards that may be created by the council out of territory included in the larger city or incorporated town before the annexation, as provided for in this subchapter.
 (2) If the petition calls for a citywide election for all officials of the new consolidated city or incorporated town, then the city or town council shall call a special election for all city or town officials to be held at the times and places as it may direct throughout each ward of the consolidated city or incorporated town.
 (3) If the implementation of the consolidation of the cities or towns is delayed, the special election for new aldermen or all city officials shall be held at least forty-five (45) days before the effective date of the consolidation.
 (b) Each ward of the consolidated city or incorporated town shall have two (2) aldermen, to be elected in the same manner and for the same term as aldermen are elected in cities and incorporated towns.
A.C.A. § 14-40-1207 (as amended by Acts 2003, No. 1171, § 4).
Before addressing the effect of the above-quoted section (as amended), I must point out that none of the provisions of Act 1171 of 2003 has any impact upon A.C.A. § 14-40-1208, which states:
 The term of office of all officers, aldermen, and employees of the smaller municipality and all laws in force therein shall cease upon and after the consolidation.
A.C.A. § 14-40-1208.
Under the explicit language of the above-quoted provision, the terms of all office holders who were elected prior to the consolidation in the smaller of the two cities will cease at the time of the consolidation. Those office holders will not be entitled to serve the remainder of their terms.
In contrast, all office holders who were elected prior to the consolidation in the larger of the two cities are entitled to serve the remainder of their terms, unless the petition for consolidation calls fora citywide election of all city officials. Section 4 of Act 1171 of 2003 provides that the petition for consolidation may call for a citywide election of all city officials. If the petition does include such a call, none of the municipal officers who were elected prior to the consolidation in the larger of the two cities is entitled to serve the remainder of his or her term. However, if the petition does not call for a citywide election of all city officials, the officers who were elected prior to the consolidation in the larger of the two cities are entitled to serve the remainder of their terms.
It should be noted that Section (a)(1) of A.C.A. § 14-40-1207 requires that a special election be called for new aldermen in the smaller of the two cities, and for aldermen from new wards created in territory located in the larger of the two cities. Any changes in ward boundaries in the larger of the two cities resulting from the consolidation will not affect the terms of aldermen who were previously elected in the larger of the two cities. This protection of previously elected aldermen in the larger of the two cities is set forth at A.C.A. § 14-40-1206(b)(2)(B), which states:
 (B) However, no change in the boundaries of the wards of the larger city or incorporated town shall determine or affect the time of service of any previously elected alderman of any ward in the larger city or incorporated town.
A.C.A. § 14-40-1206(b)(2)(B).
It is important to recognize that the above-quoted section does not operate to protect the terms of previously elected aldermen if the petition for consolidation calls for a citywide election of all city officials. Rather, it is applicable only in situations in which the petition does not call for a citywide election of all city officials. It therefore cannot be used as a basis for any alderman to "override" the provisions of Act 1171 of 2003 permitting the call for such a citywide election.
For the foregoing reasons, I conclude as follows:
 (1) The terms of all city office holders who were elected prior to the consolidation in the smaller of the two cities will cease at the time of the consolidation.
 (2) The office holders who were elected prior to the consolidation in the larger of the two cities are entitled to serve the remainder of their terms, unless the petition for consolidation calls for a citywide election of all city officials.
 (3) If the petition for consolidation calls for a citywide election of all city officials, none of the city officials who were elected prior to the consolidation in the larger of the two cities is entitled to serve the remainder of his or her term.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that Act 1171 of 2003 will become effective on July 16, 2003. See Op. Att'y Gen. No. 2003-119. It should also be noted that the implementation of a consolidation that is accomplished under the provisions of A.C.A. § 14-40-1201 et seq., as amended by Act 1171 of 2003, can, by inclusion of the proper provisions in the petition for consolidation, be delayed for up to eighteen months after the declaration of the election results. See A.C.A. § 14-40-1203(b)(1)(A).